**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Tonii Greene and Tricia Greene, | Civil No. 09-719 (DWF/JJK) |
| Plaintiffs, | **MEMORANDUM**<br>**OPINION AND ORDER** |
| v. | |
| Home Loan Services, Inc., d/b/a<br>First Franklin Loan Services; and<br>U.S. Bank, N.A., as Trustee for<br>First Franklin Mortgage Loan Trust,<br>Mortgage Pass-Through Certificates,<br>Series 2005-FF10, | |
| Defendants. | |

Carl E. Christensen, Esq., Christensen Law Office, PLLC, counsel for Plaintiffs.

Christina M. Weber, Esq., and Eric D. Cook, Esq., Wilford & Geske, PA, counsel for Defendants.

This matter is before the Court on the parties' cross-motions for summary judgment. For the reasons set forth below, Plaintiffs' Motion for Summary Judgment (Doc. No. 34) is denied, and Defendants' Motion for Summary Judgment (Doc. No. 24) is granted.

## BACKGROUND

Plaintiffs Tonii and Tricia Greene's home is located on certain real property at 4670 Stonecliffe Drive, Eagan, Minnesota, legally described as Lot 4, Block 2, Pinetree Pass 3rd Addition, according to the recorded plat thereof, Dakota County, Minnesota (the "Property"). On August 9, 2005, Plaintiffs executed and delivered a note and mortgage

to First Franklin, a Division of National City Bank of Indiana, in the amount of $737,820 for the Property. The promissory note specified a 6-month LIBOR, 24-month Initial Rate, 3/1/6 Caps mortgage loan whereby Plaintiffs would make interest-only payments for the first twenty-four months, after which they would pay principal and interest of 5.375 percent plus the LIBOR rate, adjusting every six months. (Christensen Aff. Exs. A, B, C, D.) The mortgage was recorded in the office of the Dakota County Recorder on August 24, 2005, as Document No. 2354533. (*Id*. Ex. D.)

On January 5, 2006, First Franklin assigned the mortgage to First Franklin Financial Corporation. (*Id*. Ex. E.) The document memorializing the assignment was recorded as Document No. 2401422 (the "First Assignment") at the office of the Dakota County Recorder on January 30, 2006. (*Id*.)

In approximately August 2007, Plaintiffs became unable to pay their mortgage payments. (Compl. ¶ 12.) According to Plaintiffs, their last payment was the September 2007 payment, which they paid in November 2007. (*Id*.) On February 1, 2008, First Franklin Financial Corporation assigned the mortgage to U.S. Bank National Association, as Trustee for First Franklin Mortgage Loan Trust, Mortgage Pass Through Certificates, Series 2005-FF10 (the "Trust"). (Christensen Aff. Ex. G.) The document memorializing the assignment was recorded as Document No. 2577936 (the "Second Assignment") at the office of the Dakota County Recorder on March 17, 2008. (*Id*.)[1] On that same day, the Trust, by Home Loan Services, Inc., as its attorney-in-fact, filed a

---

[1] Although the Second Assignment was not executed until February 1, 2008, the mortgage loan was deposited in the Trust on October 1, 2005. (Kusich Aff. ¶ 8.)

2

Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage. This document was recorded as Document No. 2577937 (the "Pendency & POA Notice") at the office of the Dakota County Recorder. (*Id*. Ex. I.) The Pendency & POA Notice was signed and notarized on January 29, 2008, but the document was dated March 13, 2008, and refers to the Second Assignment that occurred on March 17, 2008. (*Id*.) The document indicates that the Trust authorized Paul A. Weingarden and/or the law firm of Usset, Weingarden & Liebo, PLLP to foreclose the Greene's mortgage by advertisement and to bid for the property at the foreclosure sale in the name of the Trust. (*Id*.) The document was signed by Bryan G. Kusich, VP of Default Operations at Home Loan Services. (*Id*.)

On or about March 13, 2008, U.S. Bank served a Notice of Mortgage Foreclosure Sale on Plaintiffs. (*See Id*. Ex. L.) This document listed the amount due as $781,487.77. (*Id*.)

According to Plaintiffs, in April 2008 Tonii Greene contacted Home Loan Services to notify them that he "wanted to get back on track" and that he "had about $15,000 to pay in an effort to do that." (Pls.' Mem. at 6.) Plaintiffs provided a financial information form to Home Loan Services in an attempt to see if they were eligible for a loan modification or other assistance. (Christensen Aff. Ex. M.) On May 13, 2008, First Franklin Loan Services sent a letter to Tonii Greene that discussed what Plaintiffs would need to do in order to bring their loan current and included a repayment plan for their loan. (*Id*. Ex. N.) The repayment plan included an immediate payment of $14,054.58 and subsequent payments of approximately $8,000- $9,000 per month. (*See id*.)

Plaintiffs assert that they made the first payment in May 2008 by using money they acquired by cashing out their retirement accounts. Then, Plaintiffs were unable to make the subsequent payments. Documents show that as of July 8, 2008, Plaintiffs owed $67,223.73 to bring their mortgage up to date. (Ex. O.) On August 8, 2008, U.S. Bank served a second Notice of Mortgage Foreclosure Sale dated July 28, 2008. (*Id.*) That document noted that the amount due at that time was $801,443.05. (*Id.*)

On September 30, 2008, the Dakota County Sheriff conducted the mortgage foreclosure sale on the Property. (*Id.*) U.S. Bank bid $508,679 at the sheriff's sale. (*Id.*) The Sheriff's Certificate of Sale was recorded on that same day with the office of the Dakota County Recorder as Document Number 2615366. (*Id.*) The redemption period expired on March 30, 2009, with no redemption being made. The Trust currently owns the Property.

## DISCUSSION

### I. Standard of Review

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed

'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v.. Catrett*, 477 U.S. 317, 327 (1986) (*quoting* Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256 (1986).

## II. Plaintiffs' Motion for Summary Judgment

Plaintiffs seek summary judgment as to Count I of the Complaint, asking this Court to declare the foreclosure of their home void and for title to be restored to them. Generally, Plaintiffs contend that Defendants were not the proper party to foreclose on their home and thus that the foreclosure was illegal.

Plaintiffs raise a variety of arguments in support of their contention that the foreclosure was handled illegally. First, Plaintiffs assert that the foreclosure is void because Defendants are not holders of the Note and thus cannot enforce any mortgage interest. Second, Plaintiffs contend that the Defendants executed false documents and did not follow Minnesota's foreclosure by advertisement statute. Third, Plaintiffs assert that the title documents submitted by Defendants contradict the chain of title created by the

5

pooling and service agreement, creating a standing problem for the Trust and preventing it from foreclosing on the mortgage.

The Court finds that Plaintiffs have set forth no evidence to demonstrate that the foreclosure was not conducted in accordance with Minnesota law. All of the documents set forth to the Court demonstrate that the Trust was entitled to enforce the note, the assignments were valid, and the foreclosure was accomplished within the requirements of Minnesota law. The Court finds no merit to Plaintiffs' contention that Defendants are not holders of the Note. Further, Plaintiffs have raised no evidence to support their theory that the assignment was invalid.

Defendants satisfied the provisions of Minn. Stat. § 580.02 to foreclose on the Plaintiffs' Mortgage. That statute provides that in order for a party to make a foreclosure, it is requisite that: (1) some default in a condition of the mortgage has occurred; (2) no action is pending to recover the debt for which the mortgage is secured; (3) the mortgage and all assignments must be recorded; and (4) the foreclosing party has filed a notice of pendency and notice of foreclosure counseling to the borrower. Minn. Stat. § 580.02. Here, even though there is some question regarding the timing of the power of attorney that was executed in relation to the assignments of the mortgage, it is clear to the Court that all assignments of the mortgage were recorded prior to the foreclosure of the Mortgage. Plaintiffs have not challenged any other provision of the statute. As such, Defendants complied with the statutory requirements of Minn. Stat. § 580.02.

Moreover, the Court finds that Plaintiffs' allegations regarding Home Loan Services, Inc.'s ability to act on behalf of the Trust lack merit. The Trust allowed Home

6

Loan Services to act as an agent on the Trust's behalf (*see, e.g.*, Kusich Aff. ¶ 2) even before any foreclosure-related documents were executed. The Trust itself has not challenged that relationship but rather has reiterated Home Loan Services' authority in their common response to this litigation. And Defendants have submitted support for their contention that the Trust had formally granted Home Loan Services the authority to execute documents to effectuate a foreclosure of the mortgage on the Trust's behalf. (*See* Christensen Aff. Ex. J; Kusich Aff. Ex. A.) Home Loan Services, Inc., had authority to execute the Notice of Pendency and Power of Attorney to Foreclose on the Trust's behalf, and thus Plaintiffs' claims fail in this regard.

As a final matter, the Court finds that Plaintiffs do not have standing to bring their challenge regarding the securitization of the mortgage or the Pooling and Servicing Agreement. Even assuming this matter was adequately pleaded, which it was not, Plaintiffs are not a party to the Pooling and Servicing Agreement and therefore have no standing to challenge any purported breach of the rights and obligations of that agreement. For these reasons, Plaintiffs' Motion for Summary Judgment is denied.

### III. Defendants' Motion for Summary Judgment

Defendants assert that summary judgment is appropriate on Plaintiffs' claims because the Trust followed Minnesota's statutory procedure to foreclose Plaintiffs' mortgage and because the Trust has not breached any contractual obligations it had with Plaintiffs.

First, Defendants challenge Plaintiffs' allegations that the foreclosure was conducted improperly because the Notice of Pendency of Proceeding and Power of

Attorney to Foreclose Mortgage was signed by Home Loan Services as attorney-in-fact for the Trust. (*See* Compl. ¶ 43a.) Plaintiffs assert that U.S. Bank should have recorded a power of attorney executed by the certificate holders of the Trust before it could avail itself of Minnesota's Foreclosure by Advertisement statute. (*Id.* ¶ 43f.) Defendants point to Minn. Stat. § 580.05, which provides a specific process for a financial institution to grant a third party the authority to conduct a mortgage foreclosure on its behalf.[2] Defendants note that neither this statute nor any other provision of Minnesota law requires the certificate holders of the mortgagee to execute a power of attorney authorizing the trust to conduct the foreclosure. Defendants also assert that the Trust granted Home Loan Services the power to act on the Trust's behalf regarding the foreclosure and that the limited power of attorney executed by the Trust was recorded in the Dakota County Recorder's Office. (Weber Aff. Ex. A.)

Plaintiffs have provided no evidence to support their assertions that Defendants breached Minnesota statutory procedures to foreclose Plaintiffs' Mortgage. Defendants complied with the statutory requirements and executed the sheriff's sale of the Property. Plaintiffs did not redeem from the foreclosure sale, and the Trust currently owns the

---

[2]   Minn. Stat. § 580.05 provides:

> When an attorney at law is employed to conduct such foreclosure, the authority of the attorney at law shall appear by power of attorney executed and acknowledged by the mortgagee or assignee of the mortgage in the same manner as a conveyance, and recorded prior to the sale in the county where the foreclosure proceedings are had. If such attorney be employed on behalf of such mortgagee or assignee by the attorney in fact, the attorney's authority shall likewise be evidenced by recorded power.

Property.  Summary judgment is granted in favor of Defendants on Count I of the Complaint.

Second, Defendants challenge Plaintiffs' allegations that the Trust and Home Loan Services breached their contract by bidding lower than the amount owed at the sheriff's sale, failing to mitigate their damages, and by not clearly communicating the precise details of any transaction.  (*See* Compl. ¶¶ 50-53.)  To prevail on a claim for breach of contract under Minnesota law, a plaintiff must demonstrate: (1) the formation of a contract; (2) performance by the plaintiff of any conditions precedent; (3) a breach of the contract by the defendant; and (4) damages.  *See Briggs Transp. Co. v. Ranzenberger*, 217 N.W.2d 198, 200 (Minn. 1974).  Here, Plaintiffs have provided no support for their contention that either the mortgage or the note contained any provisions requiring the Trust to mitigate damages, bid the full amount of the debt at foreclosure sale, or modify the mortgage.  Absent any such provisions, Plaintiffs' breach of contract claim fails, and summary judgment in favor of Defendants is appropriate.

Plaintiffs' claim regarding the breach of duty of good faith and fair dealing (*see* Compl. ¶ 53) similarly fails.  Plaintiffs assert that Defendants breached such covenant when they failed to clearly communicate the precise details of any transaction.  (Compl. ¶ 53.)  In order to prevail on a claim for violation of the implied covenant of good faith and fair dealing, Plaintiffs must "establish bad faith by demonstrating that the adverse party has an ulterior motive for its refusal to perform a contractual duty."  *Minnwest Bank Central v. Flagship Properties LLC*, 689 N.W.2d 295, 303 (Minn. Ct. App. 2004).  Plaintiffs have pointed to no contractual duty from the Mortgage that Defendants failed to

perform with bad faith or with an ulterior motive.  Defendants' Motion for Summary Judgment is granted as to this claim.

## ORDER

1. Defendants' Motion for Summary Judgment (Doc. No. [24]) is **GRANTED**;

2. Plaintiffs' Amended Motion for Summary Judgment (Doc. No. [34]) is **DENIED**.

3. The Complaint is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  September 21, 2010	s/Donovan W. Frank
	DONOVAN W. FRANK
	United States District Court Judge